## CHICAGO & ALTON RAILWAY COMPANY
### v.
## WILLIAM B. SUFFERN ET AL.

*Mandamus—Railroads—Discontinuance of Switch Connection—Coal Mine—Constitutional and Statutory Provisions.*

1. A railroad company can not discontinue an established switch connection with a coal mine merely because the cars of another company may be taken upon its line over such switch, thereby endangering its property and the lives of its passengers and employes.

2. Where a switch connection has been so discontinued a petition for *mandamus* lies to compel its restoration.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. WM. BROWN, for appellant.

The contract of 1879 can not be made the basis for the writ of *mandamus*.

It is the well established law of this State, and of the common law everywhere, that *mandamus* will not lie to compel the performance of executory contracts. People v. Dulancy, 96 Ill. 503; State v. Zanesville Turnpike Co., 16 Ohio St. 308; High on Extraordinary Remedies, Secs. 25, 321; State ex rel. v. Howard Co. Ct., 30 Mo. 375.

C. & A. Ry. Co. v. Suffern.

Even if it should be allowed that a contract might be made the basis for an application for the writ of *mandamus*, the circumstances in this case are such as that a well founded doubt arises as to whether the petitioners would be entitled to any remedy upon their petition. Granting that the contract was made as alleged in the petition, yet, as in the case of People ex rel. v. Johnson, 100 Ill. 537, "by reason of a complication of circumstances not specifically provided for by the statute, a well founded doubt arises, either as to the right of the applicant to receive the fund, or the duty of the officer to pay it out, *mandamus* is not the proper remedy. The right in such cases being doubtful, the claimant must resort to some other appropriate remedy to determine it;" so here, since the right to have the particular switch is so far made doubtful by the act of appellees in admitting another railroad to the use of it, that clear right which must be established before a petitioner can have the writ, can not be said to exist in this case. People ex rel. v. Klokke, 92 Ill. 134.

There is no legal duty existing on the part of appellant to restore the connections between its railroad and the mine of appellees.

The principle is well established that where it is sought by *mandamus* to coerce the performance of a particular act, "the party applying must show not only the clear, legal right to have the thing done, but he must show affirmatively that the corporation has the power, and that it is its duty, to do the act in the manner sought." Tappan on Mandamus, page 11; People v. Hatch, 33 Ill. 69; Commissioners v. People, 66 Ill. 339; Village of Hyde Park v. Thatcher, 13 Ill. App. 613.

The constitution requires no act upon the part of appellant but simply that it should permit some act to be performed by appellees, and before appellees can complain that they are obstructed in the exercise of that right, they should show that they have taken the steps which are essential to give them the perfect right, and to make the duty of appellant safe, specific and clear. As at common law, so under our statute, the object of *mandamus* is to compel the performance of some particular act or acts of imperative duty due by clear right to the relator,

which he has properly demanded and the respondent has refused. Where the duty is not specific, but general, and its performance as such involves the exercise of judgment and discretion, the writ will not lie. This is elementary law. Commissioners, etc., v. People, 19 Ill. App. 253; Tappan on Mandamus, 64 and 282.

When the duty is general, " depending upon judgment and discretion, the writ will not lie to compel the performance of the duty, and clearly not in a specific manner." People v. Dulaney, 96 Ill. 503; County of St. Clair v. People, 85 Ill. 396; Com. of Highways v. People, 19 Ill. App. 253.

Where a discretion "in the performance of duty arises, the courts will not attempt to control its exercise except in a palpable case where a plain violation of law is manifested." Board of School Inspectors v. People, 20 Ill. 525.

" It is well settled that whenever the act which the petitioner seeks to have performed requires the exercise of discretion, this remedy will not lie." Hildreth v. Heath et al., 1 Ill. App. 83; Kelley et al. v. Chicago, 62 Ill. 279; People ex rel., etc., v. Williams, 55 Ill. 178; High on Ex. Rem., Sec. 124; Swann v. Gray, 44 Miss. 392; Mayor v. Rainwater, 47 Miss. 547; People ex rel. v. Metzger, 47 Cal. 524; People ex rel. v. Board of Supervisors, 84 Ill. 303.

The construction and maintenance of switches and the place of location is necessarily left to the sound discretion of the company. " The locality where the openings in the main track should be placed is within the absolute discretion of the company, and can not be re-adjudged by, or at the suit of, a private person resident along the line." Rorer on Railroads, Vol. 1, p. 490; C. & P. R. Co. v. Speer, 56 Penn. St. 325–335.

Messrs. JOHN M. HAMILTON and CHAS. C. GILBERT, JR., for appellees.

The doctrine is well established by our Supreme Court that a railroad company will be compelled to receive and deliver freight at places established for receiving and delivering freight upon any of its tracks, of which it is the owner or lessee, or can lawfully be used by it. Vincent v. Chicago & Alton Rail-

road Co., 49 Ill. 33; People ex rel. Hempstead v. Chicago & Alton Railroad Co., 55 Ill. 95; C. & N. W. Ry. Co. v. The People, 56 Ill. 367; Hoyt et al. v. C., B. & Q. R. R. Co., 93 Ill. 609.

*Mandamus* lies to compel a common carrier to deliver grain to any elevator on its line. Chi. & N. W. Ry. Co. v. People, 56 Ill. 365. *Mandamus* has been granted to compel a railroad company to build a bridge. Com. & S. v. Charleston R. R., 7 Met. 70. To re-instate its road after the rails have been taken up. Rex v. Severn & Wye R., 2 B. & A. 646.

To receive merchandise for shipment. Ex parte Robbins, 7 Dan. & P. C. 566. To restore an abandoned station. State of Conn. v. N. H. & N. Co., 37 Conn. 165. To furnish and maintain stations for passengers and freight at all proper points on its line. State, etc., v. Republican Valley R. R. Co., 17 Neb. 647; Munn v. Ill., 94 U. S. 113; State v. Neb. Tel. Co., 17 Neb. 126; Messenger v. Penn. Railroad Co., 36 N. J. 407.

" Duties and obligations imposed by statutes are always enforced by *mandamus* unless some other mode is prescribed by statute." 2 Redf. on Railways, 276–277.

"And, in a word, to do whatever is required by law." 2 Redf. on Railways, 278–279; 6 Bacon's Ab. 428.

" The law orders those parties to perform the duty if they build the road." Lord Denman, C. J., in Reg. v. Trustee Luton Roads, 1 Q. B. 680.

"When a person desires to be placed in the possession of a right illegally and unjustly withheld from him, and not damages for the injury done him, the 'writ of *mandamus* is a proper remedy to give the thing itself, the withholding of which constitutes the injury complained of." Mobile & Ohio R. R. Co. v. Wisdom, 5 Heisk. (Tenn.) 125; Moses on Mandamus, 14.

"All judges and jurists will at once agree that chartered companies are obliged fairly and fully to carry out the objects for which they are created, and that they can be compelled by *mandamus* to do it." State v. Hartford & New Haven R. R. Co., 29 Conn. 538; People v. N. Y. C. & H. R. R. Co., 28 Hun, 549.

"We can not bring our mind to entertain a doubt that a railroad corporation is compelled by *mandamus* to exercise its duties as a carrier of freight and passengers." Id., citing Abbott v. Johnson R. R. Co., 80 N. Y. 31.

"Private persons may, without the intervention of the government law officers, move for a *mandamus* to enforce a public duty, not due the government as such. This is true in all cases where the defendant owes a duty in the performance of which the prosecutor has a peculiar interest." U. P. R. R. Co. v. Hall, 91 U. S. 343.

"The writ should be to re-instate and lay down again." Reg. v. Severn & Wye Ry., 2 B. & A. 652.

It is no sufficient excuse to say that respondent's road is no longer necessary for the shipment of complainant's coal. Redf. Law of Railways, 648 ; C., B. & Q. R. R. Co. v. Hoyt, 1 Ill. App. 385.

GARY, J. Stripped of their verbiage, the pleadings in this case present this state of facts: In 1879, under a contract between the parties, the appellants constructed a switch by which cars from the line of their road could be taken to a coal shaft of the appellees and returned to the line, thereby furnishing facilities for the appellees to send their coal to market. This condition of things continued until 1887, during all which period appellants furnished to appellees, over this switch, such cars as appellees required for the transportation of their coal, when, by another company, another line of road was constructed, to which the appellees obtained access by a switch so constructed that cars of that other company can be, over the switch connected with appellants' road, taken upon their line. Thereupon the appellants disconnected the switch from their line, and allege as the reason for so doing, that as the cars of the other company could, over that switch, be taken upon their line, it was dangerous to the lives of their passengers and employes, and to their property, to continue it. The appellees filed their petition for a *mandamus* to compel the appellants to restore the connection, and thereafter furnish cars for their coal, as before, and rely upon the former course of busi-

ness between the parties, and upon Sec. 5, Act 13, Cons. of 1870, that "all railroad companies shall permit connections to be made with their tracks so that any * * * coal bank ⌐* * * may be reached by the cars of said railroad," and upon paragraph 84, Chap. 114, Starr & Curtis' Rev. Stat.: "Every railroad corporation in the State shall furnish, start and run cars for the transportation of such passengers and property as shall, within a reasonable time previous thereto, be ready or be offered for transportation at the several stations on its railroads, and at the junction of other railroads, and at such stopping places as may be established for receiving and discharging way passengers and freights; and shall take, receive, transport and discharge such passengers and property at, from and to such stations, junctions and 'places' on and for all trains advertised to stop at the same for passengers and freight respectively, upon the due payment or tender of payment of tolls, freight or fare legally authorized therefor, if payment shall be demanded," etc.

The appellants say that the provision of the constitution is not self-executing, and, if it were, the manner of connecting is so various under differing circumstances, that *mandamus* is not an appropriate remedy.

If any degree of certainty as to the manner of connecting in the best way would avail the appellees, the conduct of the parties for the eight years furnishes it; and upon the authority of Vincent v. C. & A. R. R. Co., 49 Ill. 33, if a court of chancery could adapt its process to the relief to which the appellees are entitled, that court would do what appellees now ask to have done, unless the reason for denying it assigned by the appellants is good.

C. & N. W. Ry. Co. v. People, 56 Ill. 365, is authority that if the appellees are entitled to the relief they ask, *mandamus* is an appropriate remedy.

And so the whole case turns upon the question whether the fact that a trespass upon the property of the appellants might be committed through the facilities furnished by this switch, and thereby the appellants exposed to great injury and loss, is a good cause for discontinuing it. It is obvious that no such

trespass can be committed by the other company except over the premises of the appellees, who had it in their power, physically, for eight years, to push cars upon the main line of appellants' road, but never abused that power.

No motive can be conceived for anybody to do it. The same facilities exist in thousands of places all over "the land of the free and the home of the brave," and the nation is not unhappy.

In a case where such large interests are involved, if the real merits of the case are apparent, it is not worth while to spend any time upon the niceties of the special pleading.

The judgment being such as the appellees are entitled to, upon the merits, it is affirmed.

*Judgment affirmed.*