THE NORTHWESTERN BREWING COMPANY

*v.*

JOHN MANION.

*Filed at Ottawa, May 9, 1893.*

1. LANDLORD AND TENANT—*action for rent—facts supporting judgment.* On reversing a judgment of the trial court, the Appellate Court found that the plaintiff leased certain premises to the defendant, the lease provided for the payment of rent at $160 per month; that the defendant entered into possession of the premises, and paid rent for four months; that defendant failed to pay rent for two months, August and September, 1890; that he was sued by the lessor for the rent thus due, in the Superior Court of Cook county; that defendant appeared and defended the action, setting up the same defenses relied on in the

second suit for rent; that evidence was heard and a judgment rendered against him, which was still in force. *Held,* that such finding fully sustained the judgment of the Appellate Court for the entire rent found to be due under the lease.

2. APPEALS AND WRITS OF ERROR—*reviewing the facts.* Under section 88 of the Practice act, this court is not at liberty to review the facts found by the Appellate Court and incorporated in its final judgment or decree, as the judgment of the Appellate Court is conclusive as to all matters of fact in controversy in the case.

3. Where the Appellate Court reverses the judgment of the Circuit Court, and in its final judgment finds the facts differently from that court, and the case is brought to this court, the only question before this court is whether the judgment, conceding the facts as found to be correct, is authorized by the facts as found by the Appellate Court.

4. Where the Appellate Court reverses the judgment of the Circuit Court, and incorporates a finding of facts in its judgment, this court, on appeal or error, can only look to the facts as found by the Appellate Court. If the facts found by the Appellate Court will justify a judgment for the plaintiff, a motion of the defendant to exclude the plaintiff's evidence is properly overruled.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.

This was an action of debt brought by John Manion, the appellee, in the Superior Court of Cook county, against The Northwestern Brewing Company, on a lease, to recover several installments of rent claimed to be due thereon. To the declaration the defendant pleaded *nil debet* and several special pleas upon which issue was formed. The parties by agreement waived a jury, and a trial was had before the court, and upon the evidence introduced the court found the issues for the plaintiff, as follows: "That the defendant owes and is indebted to the plaintiff in the sum of $21,280, and assess the plaintiff's damages at the sum of $2,300." Thereon judgment was entered, as follows: "That the plaintiff do have and recover of and from the defendant his said debt of $21,280, also his said damages of $2,550, in form as aforesaid by the court found due and assessed,

together with the costs and charges.   It is further ordered that said debt be discharged upon the payment of the damages, interest thereon, and costs of suit.''

The defendant appealed to the Appellate Court, where the judgment was reversed, and the following judgment entered:

''It is further adjudged and considered by the court from the facts found from said transcript of record, that appellee should have judgment entered in his favor in this court against appellant, for the several installments of rent declared for in his declaration in this cause, and amounting, as herein found by the court, to the sum of twenty-four hundred ($2,400) dollars, as his debt, together with lawful interest thereon up to the present time, amounting to the sum of two hundred and sixty-six ($266) dollars, as his damages for the detention of his said debt. It is therefore considered and adjudged by the court that the said John Manion, appellee, do have and recover of and from the said Northwestern Brewing Company, appellant, the sum of two thousand, six hundred and sixty-six ($2,666) dollars, in form as aforesaid found due, together with his costs in this behalf expended, to be taxed, and that he have execution issued by the clerk of this court therefor.''

Upon the reversal of the judgment, the Appellate Court made a special finding of facts, and incorporated the facts as found in its final judgment, as follows:

''That by a certain indenture of lease and agreement in writing, dated the 27th day of March, A. D. 1890, duly executed and delivered by appellant to appellee, in and by which said indenture of lease and agreement in writing, appellant, in consideration of the demising and leasing by appellee to appellant of certain premises in the city of Chicago, county of Cook, and State of Illinois, and known and described as follows, to-wit: The first floor of a part of the premises situate and known as No. 7, Dearborn street,

from the first day of April, A. D. 1890, to the 30th day of April, A. D. 1901, appellant covenanted and agreed to pay ‚appellee as rent for said demised premises the sum of twenty-one thousand, two hundred and eighty ($21,280) dollars for said term, payable in monthly installments of one hundred and sixty ($160) dollars each, for each month of said lease, in advance, upon the first days of each and every month of said term of lease aforesaid. That appellant entered upon said lease, and paid to appellee the installments of rent reserved in said lease for the months of April, May, June and July, A. D. 1890, and that appellant made default in the payment to appellee of the installments of rent reserved in said lease for the months of August and September, A. D. 1890, and that appellee, at the October term, A. D. 1890, of the Superior Court of Cook county, Illinois, impleaded appellant in an action of debt to recover from appellant the said installments of rent reserved in said lease, for the months of August and September, A. D. 1890; and that appellant was duly summoned, appeared to and pleaded in such action, and defended against a recovery and judgment against it, the appellant, in said action, and alleged and gave evidence, and insisted on the trial of said cause that before said September, A. D. 1890, no installment of rent accrued and was due upon said lease; that appellant had, by the fault of appellee, been evicted from said premises in said indenture of lease mentioned, and that appellant had surrendered up said premises to appellee, and that said indenture of lease was not the deed of appellant. And that thereupon such proceedings were had in said cause as that afterwards, to-wit: at the November term, A. D. 1891, of said Superior Court, a judgment was rendered by said Superior Court against appellant for the sum of three hundred and twenty ($320) dollars, being for the said August and September, A. D. 1890, installments of rent due and accruing under and by virtue of said indenture of lease aforesaid, and which said judgment of the said Superior Court still remains unreversed.

The court further finds from the evidence in said transcript of record in this cause that the several defenses of *non est factum*, eviction and surrender, which were interposed, and are pleaded and set forth in the several pleas of appellant in this cause, in bar of a recovery and judgment against appellant for the several installments of rent sued for in this action are, and each of them is, the same matters and defenses in fact which were theretofore interposed, tried, litigated and determined against appellant in the said suit in the said Superior Court, brought by appellee against appellant to recover from appellant the said August and September, A. D. 1890, installments of rent aforesaid, and which resulted in a judgment against appellant at the November term, A. D. 1891, of the said Superior Court, aforesaid, and that the several defenses of *non est factum*, eviction and surrender, pleaded and set forth in the several pleas of appellant in the present action, became and were merged in the same judgment so rendered as aforesaid against appellant, for the recovery of said August and September, A. D. 1890, installments of rent aforesaid, and that appellant is precluded and estopped from setting up said defenses in bar of this action.

The court further finds, that at the time of the commencement of the present suit by appellee in the court below, there was and is now due and owing from appellant to appellee, under said indenture of lease aforesaid, the installments of rent for the months of October, November and December, 1890, and the months of January, February, March, April, May, June, July, August, September, October, November and December, 1891, amounting to the sum of twenty-four hundred ($2,400) dollars; and that the same is due and unpaid, and that appellant is owing to appellee the several installments of rent last mentioned, and that appellee is entitled to recover from appellant said installments of rent, amounting to $2,400, with interest at 5 per cent from the time each installment became due under the lease, amounting to $266.''

Messrs. KNIGHT & BROWN, for the appellant.

Mr. NELSON MONROE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

As appears from the foregoing statement, the Appellate Court reversed the judgment of the Superior Court, and incorporated in its judgment a finding of the facts. Sec. 88 of the Practice act, Starr & Curtis, Vol. 2, page 1842, provides: "If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court as the result, wholly or in part, of the finding of the facts concerning the matter in controversy, different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in said cause." Under this section of the statute we are not at liberty to review the facts found by the Appellate Court and incorporated in its final judgment, but the judgment of the Appellate Court is conclusive as to all matters of fact in controversy in the case. The only question to be determined is whether the judgment, conceding the facts as found to be correct, was authorized by the facts as found by the Appellate Court. Upon this question there can be no ground of controversy. From the finding it appears a lease was executed by the parties, providing for the payment of rent at a specified rate and at a specified time; that appellant entered into possession of the premises under the lease, paid rent for four months; that appellant failed to pay rent for August and September, 1890; that it was sued by appellee, in the Superior Court of Cook county, for the rent thus due; that appellant appeared and defended the action, setting up the same defenses relied upon in this action; that the evi-

dence was heard and a judgment rendered against appellant, which is still in full force. The court also found, that at the time of the commencement of this action, there was due and owing from appellant to appellee, on the lease, the amount for which judgment was entered. These facts fully sustain the judgment of the Appellate Court. It is claimed in the argument of counsel that the court erred in denying his application to exclude plaintiff's evidence from the court, after plaintiff had closed his case. Where the Appellate Court reverses the judgment of the Circuit Court, and incorporates a finding of facts in its judgment, as was the case here, we can only look to the facts as found by the Appellate Court. Regarding, therefore, the facts incorporated in the judgment of the Appellate Court as the facts established by the evidence before the Superior Court, the Superior Court did not err in overruling the demurrer of appellant to the evidence, as it was sufficient to authorize a judgment for the plaintiff.

It is also claimed that the damages are excessive. We have carefully examined the facts found by the Appellate Court, and without setting out these facts in detail, it is sufficient to say that, in our opinion, the amount of the judgment is fully sustained by these facts. It is also claimed that the Superior Court admitted improper evidence. No error in this regard has been pointed out in the argument, and we have discovered none. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*