Louisville, N. A. & C. Ry. Co. v. Jennie E. Carson, Executrix, et al.

1. ESTOPPEL—*By Verdict.*—Where a specific fact has been adjudicated and determined in a former suit, and the same fact is again put in issue in a subsequent suit, between the same parties, its adjudication and determination in the former suit are conclusive upon the parties in

L., N. A. & C. Ry. Co. v. Carson.

the latter suit, without regard to whether the cause of action is the same in both suits or not.

2. SAME—*Application of the Rule.*—In an action for an installment of rent, the question of the validity of the lease was raised and determined by the court; in a subsequent action for another installment of rent, under the same lease, *it was held* the question of the validity of the lease could not be raised.

Assumpsit, for rent. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

G. W. KRETZINGER, attorney for appellant.

In pleading an estoppel, the highest degree of certainty —that is, to every intent and to all particulars—is requisite; that which precludes all argument or presumption against the party pleading.

Lord Coke says: " But it must be understood that there are three kinds of certainty; first, to a common intent, and that is sufficient in a bar which is to defend the party and to excuse him; secondly, a certain intent in general, that is, to convince the defendant, and so in indictments; thirdly, a certain intent in every particular, as in estoppel." Coke on Littleton, 303.

It is that technical accuracy which is liable to the most subtle and scrupulous objections, so that it is not merely a rule of construction, but of condition; for when their certainty is necessary the party must not only state the facts of his case in the most precise way, but add to them such as show that they are not to be controverted, and, as it were, anticipate the case of his adversary. But it should be remembered that the certain intent in every particular applies only to the case of estoppel. Lawes on Pleading.

The essential conditions under which a plea of *res adjudicata* becomes applicable are the identity of the thing demanded, the identity of the cause of action, and of the parties in the character in which they are litigants. Hermann on Estoppel, Sec. 102; see, also, Miller v. McManis, 57 Ill. 129; Hanna v. Reed, 102 Ill. 602.

In pleading or replying a judgment, more minuteness must be observed. It must be made to appear that precisely the same point was in issue at the former trial as that now in question, or there can be no estoppel. Bigelow on Estoppel, 533.

The identical issues involved in the case must have gone to judgment to render it conclusive in any subsequent action. Vaughan v. O'Brien, 39 How. Pr. 519.

MILTON HIGGINS, attorney for appellees.

That estoppel either by judgment or verdict may be set up by parties or their privies, is too well established to need support of the authorities; it may always be pleaded. Hanna v. Reed, 102 Ill. 596; Bigelow on Estoppel (4th Ed.), 98 and 140.

It is not essential in order that an estoppel may be pleaded that the parties and cause of action be identical in both suits. Cromwell v. Sac County, 94 U. S. 351; Outram v. Morewood, 3 East, 346; Gardner v. Buckbee, 3 Cow. 120; Steam Packet Co. v. Sickles, 24 How. 333; Hanna v. Reed, 102 Ill. 599.

Where the fact involved in the present trial was distinctly put in issue by the parties in the former suit and there determined, it is conclusive between them. Cameron v. Chicago, 120 Ill. 451; Hanna v. Reed, 102 Ill. 596; Johnson v. Gibson, 116 Ill. 297; Wright v. Griffey, 147 Ill. 496; Riverside Co. v. Townshend, 120 Ill. 13; Vooght v. Winch, 2 B. & A. 668; Fairman v. Bacon, 8 Conn. 418; Hopkins v. Lee, 6 Wheat. 109; Jackson v. Wood, 3 Wend. 27.

Whether the adjudication relied on as an estoppel goes to a single question, or all the questions involved in a cause, the fundamental principle upon which it is allowed in either case is, that justice and public policy alike demand that a matter, whether consisting of one or many questions, which have been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or

questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication. Hanna et al. v. Reed et al., 102 Ill. 596; Betts v. Starr, 5 Conn. 550; Parker v. Standish, 3 Pick. 288; Van Rensselaer v. Akin, 22 Wend. 549; Aurora City v. West, 7 Wall. 82; Young v. Black, 7 Cranch, 565; Miller v. Mannice, 6 Hill, 114; White v. Coatsworth, 2 Selden, 137; Eastman v. Cooper, 15 Pick. 276; Gardner v. Buckbee, 3 Cow. 120; Buchaud v. Dias, 3 Den. 243; Hages v. Gudykunst, 1 Jones, 221; Cromwell v. Sac County, 94 U. S. (4 Otto) 351; Davis v. Brown, Id., 423; Duchess of Kingston's Case, 2 Smith's L. C. 424; Outram v. Moorewood, 3 East, 346; Moonott v. Hampton, 7 T. R. 269; Arlin v. Parkin, 2 Burr, 665.

A judgment is conclusive of facts without proof or admission of which it could not be rendered. Bigelow on Estoppel 144, and cases cited in note 4.

It determines all questions that might or ought to have been presented. Kelly v. Donlin, 70 Ill. 378; Shunick v. Thompson, 25 Ill. App. 623.

All material issues appearing of record presumed as passed on. Davis v. McCorkle, 14 Barb. 746.

Or that have become necessary to the decision of the case whatever their relation to the cause of action. Bigelow on Estoppel, p. 153.

Where the record discloses the pleadings merely and the former judgment states that it was rendered for the defendant and the pleadings show no particular defense sought to be made, the former judgment is conclusive as to all matters in question. Gardner v. Buckbee, 3 Cow. 127; Eastman v. Cooper, 15 Pick. 276.

The fact that this suit is for different and later installments of rent on the same lease in no way affects the right to plead the former judgment and suit in estoppel of defendant's right here to question that lease or its validity. Gardner v. Buckbee, 3 Cow. 120; Edgell v. Sigerson, 26 Mo. 583; Felton v. Smith, 88 Ind. 149–152; Hazen v. Reed, 30 Mich. 331; Duncan v. Bancroft, 110 Mass. 267; Cleveland v. Creviston, 93 Ind. 31.

An inspection of the replications here and the pleas and replication of the former suit here presented shows fully that the validity of the lease was directly in question and decided necessarily by the court in the former suit and in favor of these plaintiffs, and where that is the case the estoppel is well pleaded. Shelley v. Wright, 1 Willes, 9; Outram v. Moorewood, 3 East, 346; Grey v. Pingry, 17 Vt. 419; 1 Chitty's Pleadings, 238; Wright v. Griffey, 147 Ill. 496.

All matters of defense presented in this suit and offered and asserted in the trial were presented in the former suit and there fully passed on. L., N. A. & C. Ry. Co. v. Carson, 51 Ill. App. 564, and 151 Ill. 450.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is another action for rent upon the same lease which was the basis of the action with the same title as this, reported in 51 Ill. App. 552, and 151 Ill. 444.

Differing from the former case, the appellant in this action verified its plea of non-assumpsit. The appellees set up in their replication the former judgment as an estoppel preventing the appellant from re-litigating the question of the validity of the lease sued upon.

The appellant urges that in the first case, the plea not having been verified, the question now presented by the verified plea has never been decided between the parties, and that therefore there is no estoppel. But as may be seen by the memorandum preceding the statement of the case, as reported in 51 Ill. App., the appellees had accepted an issue tendered by the appellant upon the special matter by which the appellant then sought to avoid the lease as the deed of the appellant, and upon which it now relies for the same purpose under non-assumpsit verified.

That issue having been determined, is, as to these parties, an end of dispute upon the fact found. "Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put

in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not. This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as matter of defense." Hanna v. Reed, 102 Ill. 596.

Now, here it is not the same installment of rent that is sued for, as was the subject of the former suit, but it is rent accruing under the same lease; therefore the question of the validity of the lease is now the same question that was then determined.

Any defense, such as release, eviction or surrender since the accruing of the rent sued for in the former suit, and before the accruing of that now sued for, is open; but if true, was for the appellant to make. Besides, the facts upon which this court, and the Supreme Court, held in the former suit that the lease was valid, are the same facts which now appear, and it can not be expected that this court will change its opinion in regard to the effect of those facts, after that opinion has been approved by the higher tribunal.

As was said in C. & A. Ry. v. Suffern, 27 Ill. App. 404, "in a case where such large interests are involved, if the real merits of the case are apparent, it is not worth while to spend any time upon the niceties of the special pleading."

The judgment is affirmed.