## Joseph A. Marshall v. The John Grosse Clothing Co.

1. ESTOPPEL.—*Former Suit in Bar.*—In order to constitute a bar it must appear that the cause of action and thing sought to be recovered are the same in both suits, so that the former suit concludes both parties and privies, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented.

2. SAME—*When a Former Suit Is Not.*—Where the former suit was for the recovery of installments of rent which matured by the terms of a lease prior to the commencement of the suit, it is not a bar to a suit brought to recover for the installments of rent payable, by the terms of the lease, after the former suit was instituted.

**Assumpsit**, for rent. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 9, 1899.

STEPHEN G. SWISHER and DENNIS & RIGBY, attorneys for appellant.

JEROME PROBST, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

In May, 1895, appellee leased to appellant and one J. A. Whipple certain premises in the city of Chicago for the term of three years from June 1, 1895. A written lease was executed by the parties. In August, 1896, appellant and said Whipple vacated the premises. Appellee entered into possession, rented portions and collected rents.

April 20, 1897, appellee commenced suit in the Circuit Court of Cook County to recover the installments of rent then due by the terms of the lease. The declaration stated the particular months for which rent installments were claimed to be due. The pleas of appellant in that case are *non est factum* as to the entire declaration and a separate plea of *nil debet* as to each count. The defendant Whipple made no defense. The entire files and record in the former case are introduced in evidence in this case. Appellant was given but little opportunity for defense in this case in the court below, but we do not see any reversible error in the record.

The two suits are between the same parties upon the same lease contract. They are not for the same cause of action, in that they are for rent installments for different months. In all other respects they are identical except in the pleadings. The points made by appellant as to the merits of this case are that appellant surrendered the premises to appellee, who accepted such surrender; and that appellant was evicted by appellee.

The case of L., N. A. & C. Ry. Co. v. Carson, 169 Ill. 247 (66 Ill. App. 262), is conclusive in the case at bar. That

was also a second suit upon a lease to recover installments of rent which accrued after the first suit was brought. The court there says (p. 251), that the former suit "concludes both parties and privies, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented."

As we understand this record, including the affidavit of appellant filed in support of his motion for a new trial, the facts are the same as they were at the time of the trial of the first suit. All of the grounds of defense which are here now urged, were or might have been presented at that trial. That case is then an estoppel as to appellant in this case. Roby v. Calumet Dock Co., 165 Ill. 277; N. W. Brewg. Co. v. Hanion, 145 Ill. 182; Riverside Co. v. Townshend, 120 Ill. 9.

The contention of appellant that the former suit is a bar to this suit can not be sustained. To constitute a bar "it must appear that the cause of action and thing sought to be recovered are the same in both suits." But the cause of action, the thing sought to be recovered, is not the same in both suits. In the former case the recovery was for the rent installments which matured by the terms of the lease prior to the commencement of the former suit, April 20, 1897. In the present case it is sought to recover for the installments of rent which matured and became payable, by the terms of the lease, after the former suit was instituted. The cause of action is not the same in the two suits.

As stated in Wright v. Griffey, 147 Ill. 498, "There is a well founded distinction between the effect of the judgment as a bar or estoppel to the prosecution of a second suit for the same cause of action, and its effect as an estoppel where the same question is again brought in issue in another suit between the same parties upon a different cause of action."

It does not appear that the former suit was upon a breach of contract, as contended by appellant. That suit is not a bar to this suit, but appellant is thereby estopped from

making any defense in this suit which was or which might have been presented in that suit. But any defense might have been made which has arisen or become effective since that suit was instituted. No such defense was interposed.

The judgment of the Superior Court must be affirmed.