RAILROAD v. BRIGMAN.

(*Knoxville.* November 15, 1895.)

1. RES ADJUDICATA. *Judgment must be final.*

To sustain a plea of *res adjudicata*, it must be averred and proved that the former judgment was final. (*Post, pp. 629, 630.*)

2. PLEA IN ABATEMENT. *Overruled by plea in bar.*

A plea of former suit pending is a plea in abatement, and is waived or overruled by a plea of not guilty. (*Post, pp. 630, 631.*)

Cases cited and approved: Johnson v. Irby, 8 Hum., 654; Wood v. Belcher, 7 Yer., 105; Grove v. Campbell, 9 Yer., 7; Waggoner v. Memphis, etc., Co., 10 Heis., 503.

3. QUESTION DISCUSSED AND RESERVED.

Whether a person who has sustained personal injuries and loss of wagon and team by collision with a railway train can maintain separate suits for the personal injuries and for the loss of his property. (*Post, pp. 625–629.*)

Cases cited: Thompson v. Rice, Thompson's Cas., 127; Railroad v. Staub, 7 Lea, 407; Smith v. Atkins, 6 Bax., 320; Carraway v. Burton, 4 Hum., 108; Saddler v. Apple, 9 Hum., 342; Tarbox v. Hartenstein, 4 Bax., 80; Waggoner v. White, 11 Heis., 741; 147 Mass., 605.

---

FROM WASHINGTON.

---

Appeal from the Circuit Court of Washington County. H. T. CAMPBELL, Judge.

KIRKPATRICK, WILLIAMS & BOWMAN for Railroad.

Railroad *v.* Brigman.

HACKER & SON, DEADERICK & EPPS for Brigman.

MCALISTER, J. The plaintiff below, while attempting, with his wagon and team, to cross the track of the railroad company at Ball's Crossing, in Washington County, was overtaken by a passing train and violently thrown from his wagon, whereby he sustained serious and permanent personal injuries. In said collision the wagon was demolished, the horses killed, and the harness broken.

The record discloses that, on December 15, 1894, the said Brigman commenced an action in the Circuit Court at Jonesboro to recover damages for the loss of the personal property, which resulted in a verdict and judgment at the April term, 1895, in favor of the plaintiff for the sum of $250. The company appealed in error to this Court.

It further appears that, on March 21, 1895, the said Brigman instituted another suit against the railroad company in the said Circuit Court to recover damages for personal injuries sustained by him in said accident. To the latter suit the company pleaded the general issue, and, in addition, filed two special pleas, viz.:

1. "And for further plea the defendant says that, before the commencement of this suit, to wit, on December 15, 1894, the plaintiff commenced another suit against it in the Circuit Court of Washington County for the very same cause of action now stated in his declaration, and, at the April term, 1895, of

40—11 P

said Court said suit was tried upon its merits and judgment was rendered for the plaintiff for $250 and costs, from which judgment defendant company prayed and perfected an appeal to the Supreme Court at Knoxville. And the defendant avers that the parties in this suit and the former suit are the same, and that said former suit is still pending in the Supreme Court of the State of Tennessee.

2. "And for further plea, the defendant says that the plaintiff sued the defendant in the Circuit Court of Washington County, at Jonesboro, on December 15, 1894, for the very same cause of action now stated in his declaration, and that, at the April term, 1895, of said Court, said suit was tried upon its merits, and judgment was rendered in favor of the plaintiff for $250 and costs, as, by the records and proceedings of said Court, more fully appears, and said judgment still remains unreversed."

The present suit was tried at the August term, 1895, upon the general issues and the special pleas just recited. The trial Judge charged the jury, among other things, as follows, to wit: "As to defendant's second and third pleas, I charge you that, if you find plaintiff commenced a suit before the bringing of this suit, on December 15, 1894, against defendant for this, the same cause of action, and such suit was tried and determined upon its merits, then such pleas would be good, and you would find for defendant; but, before these pleas of former suit could aid defendant, you must find that such

suit was for the same cause of action, arising from the same wrongful act of defendant. If said former suit pleaded was for a cause of action other than for personal injury to the plaintiff or to recover money incident to such personal injury, although arising from same act of defendant, it could not be considered in bar of a recovery in this action."

The trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,250. The company appealed, and the only error assigned is upon the charge of the Circuit Judge in respect of the effect upon this suit of the former suit to recover damages for the loss of the wagon and team. The argument of counsel for plaintiff in error is "that an entire claim or demand, arising out of a single. transaction, cannot be divided into separate and distinct claims, and two suits maintained, and that, in this respect, there is no difference between action founded in tort and action upon a contract." He therefore insists that, if plaintiff sues for only a part of an entire cause of action, and obtains judgment for such part, in neither case can he maintain another action founded upon the same cause of action. The first judgment will be a positive bar to the subsequent action.

In support of his position, counsel cites Freeman on Judgments, in which it is said, viz.: "A single tort can be the foundation for but one claim for damages. . . . All damages which can, by any possibility, result from a single tort form an indi-

visible cause of action. Every cause of action in tort consists of two parts, to wit: the unlawful act, and all damages that can arise out of it. For damages alone, no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained. There must be a fresh act, as well as fresh damages.'' 1 Freeman on Judgments, Sec. 241; 2 Black on Judgments, Sec., 738; *Thompson* v. *Rice*, Thompson's Tenn. Cases, 127; 7 Lea, 407; 6 Bax., 320; *Carraway* v. *Burton*, 4 Hum., 108; *Saddler* v. *Apple*, 9 Hum., 342; *Tarbox* v. *Hartenstein*, 4 Bax., 80; 2 Chitty Pl., 850; *Knowlton* v. *N. Y. R. R. Co.*, 147 Mass., 605; Code (M. & V.), § 3441.

Counsel for the plaintiff below concede the general proposition, but his insistence is that the same wrongful act may give rise to two or more causes of action. Counsel, in support of the proposition, cites Black on Judgments, in which it is said, viz.: ''While a party is not allowed to split up an entire and inseverable cause of action, and prosecute it by piecemeal, nor to present only a portion of the grounds on which relief is sought, and save the rest for a second suit if the first fail, yet this rule does not require that distinct causes of action, each of which by itself would authorize independent relief, should be presented in a single suit, although they exist at the same time, and might be considered together.'' Sec. 744.

The same author, at Section 740, says: '' We

have seen that, as a rule, only one cause of action can arise from one tort. But there are exceptional cases, in which the same act may occasion several distinct injuries, and these may be made the basis of as many separate suits. Thus, damage to goods and injuries to the person, although caused by one and the same wrongful act, are infringements of different rights, and give rise to distinct causes of action; and, therefore, the recovery of compensation for the damage to the goods is no bar to an action subsequently commenced for the personal injury." *Brunsden* v. *Humphrey*, L. R., 14 Q. B. Div., 141; *Waggoner* v. *White*, 11 Heis., 741; Encyclopedia Pleading and Practice, Vol. I., p. 159; Bigelow on Estoppel, p. 173.

We have thus presented the contentions of the respective parties, together with the authorities cited, which have been reinforced with arguments of great ability. We find, however, that, on account of the state of the pleadings, we are precluded from deciding the very interesting question presented.

In the first place, the plea in bar of *res adjudicata* is not availing, for the reason that the former judgment pleaded was not final. The record discloses that when the second plea was filed, the judgment in the former suit had been appealed to this Court, and was still pending and undetermined. In order to sustain the plea of *res adjudicata*, it must be averred and proved that the former judgment was final.

The other plea of former suit pending is a plea in abatement, and was waived or overruled by the plea of not guilty. The record shows that the pleas of not guilty, former suit pending, and *res adjudicata*, were all filed at the same time, and the issues presented by these respective pleas were tried by the jury conjointly. Whatever may be the practice in Courts of Chancery in treating the plea of former suit pending as a special plea in bar, it is well settled that, in Courts of law, such a defense can only be presented by a plea in abatement, which is overruled by a plea to the merits.

Mr. Gibson, in Suits in Chancery, note to Sec. 333, says: "This is manifestly not a plea in bar logically considered, for, if successful, it does not bar the suit, but only abates it, and if, after the plea is allowed, the former suit is dismissed by the complainant, he can bring a third suit in the Court allowing the plea, against the same parties and for the same purpose, and the dismissal of both or either of the former suits cannot be pleaded in bar of the third suit." He admits, however, that, under the practice in Chancery, it is treated as in the nature of a plea in bar, and may be incorporated in an answer, since it does not go to the jurisdiction of the Court.

Mr. Chitty, in his work on Pleading, lays down the rule that the pendency of a former action must be pleaded in abatement. Vol. I., p. 453. Caruthers, in the History of a Lawsuit, classifies such a

plea as a plea in abatement, and states that its effect is to abate or quash the writ, the declaration, of course, going with it. Secs. 185, 186. *Johnson* v. *Irby*, 8 Hum., 654.

Moreover, a plea in abatement cannot be pleaded at the same time with a plea in bar, for the plea in bar is inconsistent with the plea in abatement, and the latter is overruled by the former. *Wood* v. *Belcher*, 7 Yer., 105, 106; *Grove* v. *Jenkins*, 9 Yer., 7, 8; *Waggoner* v. *Memphis Dry Dock Co.*, 10 Heis., 503.

We conclude, therefore, that the question presented in the plea in abatement, and which has been so elaborately argued by learned counsel, is not before this Court, since the plea in abatement was overruled or waived by the plea to the merits of the case.

Affirmed.