MOBILE & OHIO RAILROAD COMPANY *v.* MATTHEWS.

(*Jackson.*   April Term, 1905.)

1.  **ACTION.**  Joinder of causes of.

Two or more distinct causes of action may be joined in as
many different counts of the same declaration, where the dif-
ferent counts are of the same quality or character and are not
repugnant or antagonistic to each other.

Case cited and approved:  Bible v. Palmer, 95 Tenn., 393.

2.  **SAME.**  A single tort can be made the basis of but one action.

When a person is injured in his person and property as the sev-
eral results of a single wrongful act, he has but one cause of
action therefor and may declare in different counts for both
classes of injuries; and if he fails to so sue for the entire dam-
ages sustained, a second suit for the damages omitted will be
precluded by the judgment in the first suit.

Cases cited and approved:  Railway Co. v. Brigman, 95 Tenn.,
628; Shoemaker v. Atkins, 11 Heisk., 296; Smith v. Atkins, 6
Baxt., 318; Carraway v. Burton, 4 Humph., 108; Howe v. Peck-
ham, 10 Barb. (N. Y.), 656; Hemstead v. Des Moines, 63 Iowa,
39.

FROM OBION.

Appeal in error from the Circuit Court of  Obion
County.—R. E. MAIDEN, Judge.

SWIGGART & SPRADLIN and C. G. BOND, for Railroad
Company.

Railroad Co. v. Matthews.

FELIX W. MOORE and LANNON & STANFIELD, for Matthews.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Plaintiff, Matthews, sued for injuries sustained in his person and property, a buggy and horse, in a collision with one of the defendant's trains at a road crossing, in separate counts in one declaration. The defendant moved to strike the declaration from the file for duplicity, in that the claims for damages to the person and property constituted two distinct causes of action, in which the elements and measure of damages were different, and could not be joined in the same suit. This motion was overruled, and there was judgment for the plaintiff. Defendant has appealed, and assigned the action of the court on its motion, among other things, as error.

The contention of the plaintiff in error is not sound. If the declaration embraced two distinct causes of action, as insisted, it would not be subject to the objection made to it. As said by this court in *Bible* v. *Palmer,* 95 Tenn., 393, 32 S. W., 249: "It is allowable to join two or more distinct causes of action in as many different counts of the same declaration, when, as in this case, the different counts are of the same quality or character, and not repugnant or antagonistic to each other. And in such cases the court may direct a separate verdict upon each count, or separate trials."

But in this case there is but one cause of action sued upon. The negligent action of the plaintiff in error constituted but one tort. The injuries to the person and property of the defendant in error were the several results and effects of one wrongful act. A single tort can be the basis of but one action. It is not improper to declare in different counts for damages to the person and property when both result from the same tort, and it is the better practice to do so where there is any difference in the measure of damages, and all the damages sustained must be sued for in one suit. This is necessary to prevent multiplicity of suits, burdensome expense, and delays to plaintiffs, and vexatious litigation against defendants. If necessary to prevent confusion in ascertaining the damages to be recovered for different injuries, separate verdicts may be directed. 2 Chitty's Plead., 850, 860, 910; *Howe* v. *Peckham,* 10 Barb. (N. Y.), 656; *Hemstead* v. *Des Moines,* 63 Iowa, 39, 18 N. W., 676; *Shoemaker* v. *Atkins,* 11 Heisk., 296; *Smith* v. *Atkins,* 6 Baxt., 318.

Indeed, if the plaintiff fail to sue for the entire damage done him by the tort, a second action for the damages omitted will be precluded by the judgment in the first suit brought and tried. *Southern Ry. Co.* v. *Brigman,* 95 Tenn., 628, 32 S. W., 762; Freeman on Judgments, sec. 241; *Carraway* v. *Burton,* 4 Hump., 108.

Other assignments of error were overruled in an oral opinion. Judgment affirmed.