JULIAN P. SMITH *v.* CINCINNATI, N. O. & T. P. RY. Co.

(*Knoxville.* September Term, 1916.)

**JUDGMENT. Conclusiveness. Res judicata.**

Where a passenger and his wife were injured in a collision due to the carrier's negligence, the husband had but one cause, based on the single tort, though he could recover for his own injuries and the loss of his wife's services, and injury to his property, so that, having sued for all, and dismissed as to his own injuries, the judgment then rendered barred a subsequent action for his own injuries.

Cases cited and approved: Love v. So. Ry. Co., 108 Tenn., 104; Whaley v. Catlett, 103 Tenn., 348; Carraway v. Burton, 23 Tenn., 108.

Cases cited and distinguished: Railroad v. Brigman, 95 Tenn., 628; Railroad v. Matthews, 115 Tenn., 172; C., N. O. & T. P. Ry. Co. v. Roddy, 132 Tenn., 574.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County. —NATHAN L. BACHMAN, Judge.

LEWIS SHEPHERD and FLEMING & SHEPHERD, for appellant.

ALLISON, LYNCH & PHILLIPS, for appellee.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Smith commenced this suit in the circuit court of Hamilton county to recover of the railway company for damages for personal injuries alleged to have been received by him, and for damages to certain personal property, in an accident to a passenger coach of the defendant company in November, 1913. There is no question here but what the company was negligent and the plaintiff received injuries. The only question arises upon a plea of *res adjudicata* filed by the railway company. The facts pertinent to this plea are as follows:

Plaintiff and his wife, in November, 1913, were traveling on one of the trains of the defendant company, and when it was near the city of Chattanooga the passenger coach in which they were riding was derailed, and they received injuries. Suits were commenced in the federal court to recover damages for injuries sustained by the wife, and also by the plaintiff to recover for loss of the services of the wife, injuries to himself and to his property. In response to motions made by the defendant in the federal court, the plaintiff dismissed all of his suits there except for injuries to his wife and for the loss of her services. The defendant plead the former suit and recovery in the federal court as a bar to this action. The circuit judge pronounced judgment on the verdict of the jury, and an appeal was taken from this judgment to the court of civil appeals. In that court the judgment was reversed, and the suit dismissed.

The question, as it comes to us, has not been decided by this court, so far as we are advised. In *Railroad* v. *Brigman,* 95 Tenn., 628, 32 S. W., 762, the question was discussed, but a decision was pretermitted. In *Railroad* v. *Matthews,* 115 Tenn., 172, 91 S. W., 194, a question very similar was decided, and the court of civil appeals relies upon this case as authority to sustain its action. In *C. N. O. & T. P. Ry. Co.* v. *Roddy,* 132 Tenn., 574, 179 S. W., 143, a quotation is made from Freeman on Judgments, which was also made in *Railroad* v. *Brigman,* supra. But the Roddy Case did not involve a plea of *res adjudicata.*

As stated, the case most nearly in point is that of *Railroad* v. *Matthews,* supra. That was a suit by Matthews for injuries sustained by him to his person and to his property in a collision with a train at a road crossing. The defendant moved to strike the declaration for duplicity, and the court held that it was not duplex. It was said:

''But in this case there is but one cause of action sued upon. The negligent action of the plaintiff in error constituted but one tort. The injuries to the person and property of the defendant in error were the several results and effects of one wrongful act. A single tort can be the basis of but one action. It is not improper to declare in different counts for damages to the person and property when both result from the same tort, and it is the better practice to do so where there is any difference in the measure

of damages, and all the damages sustained must be sued for in one suit. This is necessary to prevent multiplicity of suits, burdensome expense, and delays to plaintiffs, and vexatious litigation against defendants. If necessary to prevent confusion in ascertaining the damages to be recovered for different injuries, separate verdicts may be directed.''

It has also been held that the saving of the statute to the widow, children, and next of kin of a decedent of a right of action to be prosecuted in the name of his administrator for personal injuries resulting in death does not create a new and substantive right of action for their benefit, but merely preserves and continues for them the right of action the deceased would have had if he had survived. *Love* v. *Southern Ry. Co.,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471; *Whaley* v. *Catlett,* 103 Tenn., 348, 53 S. W., 131.

The following quotation from Freeman on Judgments is made in *Brigman* v. *Railraod Co.,* supra, and *C., N. O. & T. P., Ry. Co.* v. *Roddy,* supra:

''A single tort can be the foundation for but one claim for damages . . . All damages which can, by any possibility, result from a single tort form an indivisible cause of action. Every cause of action in tort consists of two parts, to wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained. There must be a fresh act, as well as fresh damages.''

It is said also in *Railroad* v. *Matthews,* supra, that if the plaintiff failed to sue for the entire damages done him by the tort, a second action for damages omitted will be precluded by the judgment in the first suit brought and tried. For this statement, *Southern Ry. Co.* v. *Brigman,* supra, Freeman on Judgments, section 241, and *Carraway* v. *Burton,* 4 Humph., 108, are cited.

Mr. Freeman and the case of *Carraway* v. *Burton* fully sustain the proposition stated by the court. This last case discusses the question in the exact phase in which it is presented to us. We think all of our cases, while not deciding the question presented exactly, furnish a basis from which the necessary corollary is drawn that if the plaintiff, suing for damages for injuries resulting from a single tort, does not include in his suit all the injuries sustained, a subsequent suit for those omitted will be barred upon a plea of *res adjudicata* aptly pleaded. This follows naturally from the conclusion that the recovery is for the tort, and not for the injuries. If "a single tort can be the foundation for but one claim for damages," it inevitably follows that there can be but one suit to recover for injuries resulting from that tort. The decree of the court of civil appeals is affirmed.