IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

JACKSON, APRIL TERM, 1918.

H. W. MATHENY *et al. v.* PRESTON HOTEL CO.

*(Jackson.* April Term, 1918.),

1. **ACTION.** Splitting causes. Actions for rent.
Where a tenancy from year to year results from mere holding
holding over, there is no continuous contract or transaction
such as will require an action for rent due in one year to in-
clude rent due in a previous year, and separate actions may be
maintained. (*Post, p.* 45.)

Cases cited and approved: Shepherd & Mitchell v. Cummings, 47
Tenn., 623; Hammond v. Dean, 67 Tenn., 193; Wilson v. Alex-
ander, 115 Tenn., 125; Dulaney v. Payne, 101 Ill., 325; Kennedy
v. New York, 196 N. Y., 19; Williams v. Kitchen, 40 Mo. App.,
604; Nathans v. Hope, 77 N. Y., 420; Presstman v. Beach, 61
Md., 203; Paton v. Doyne, 74 N. J. Law, 319; Ferguson v. Cul-
ton, 8 Tex., 283; Marshall v. John Grosse Clothing Co., 83 Ill.
App., 338; Coleman v. Hudson, 34 Tenn., 463; Parris v. High-
tower, 76 Ga., 631; Mills v. Garrison, 42 N. Y. (3 Keyes), 40;
Dews v. Eastham, 13 Tenn., 297; Tarbox v. Hartenstein, 63
Tenn., 78.

2. **ACTION.  Spitting Causes.  Actions for rent.**

Where, on execution of lease, separate notes were drawn for each month's rent, each note is a separate cause of action, and each may be sued on separately, although the others are then due. (*Post, p.* 45.)

3. **ACTION.  Splitting actions.  Waiver.**

The rule against splitting actions growing out of the same transaction is for the benefit of the debtor, and he may waive his right.  (*Post, pp.* 45-48.)

4. **JUDGMENT.  Bar.  Separate breaches of single contract.**

Although, under Thompson's Shannon's Code, section 4620, actions may be brought for each separate breach of an entire contract as it occurs, yet, where several breaches have occurred at the time suit is brought, they must all be sued together, otherwise those omitted cannot be subsequently sued on.  (*Post, pp.* 48, 49.)

Cases cited and approved:  Cook v. Hadly, 3 Tenn., 465; Perkins v. Hadley, 5 Tenn., 148;  Carraway v. Burton, 23 Tenn., 108;  Thomason v. Rice, 1 Shan. Tenn. Cas., 69; Saddler v. Apple, 28 Tenn., 342;  Railroad Co. v. Matthews, 115 Tenn., 172;  Whitaker v. Hawley, 30 Kan., 317;  Bartels v. Schell, 16 Fed., 341;  Joyce v. Moore, 10 Mo., 272;  Barnes Bros. v. Ccal Co., 101 Tenn., 354.

Code cited and construed:  Sec. 4620 (T.-S.).

---

### FROM HENRY.

---

Appeal from the Chancery Court of Henry County.—J. W. Ross, Chancellor.

FITZHUGH & MORTON, for appellants.

LEWIS & BRYANT, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

In January, 1910, complainants leased from defendant for the period of one year its hotel building, at a rental of $110 per month, evidenced by twelve promissory notes, maturing respectively January 30th, February 28th, March 30th, and so on through the year. At the close of the term complainants continued in possession, but without any further formal contract, executing, however, their twelve promissory notes, for the same amounts, and maturing as during the preceding year, covering the year 1911. At the close of that year complainant remained in possession as during the two preceding years, but executed no notes; the rent, however, was reduced by agreement between the parties to $100 per month for that year, 1912. And so for the year 1913. They continued in possession as before during the years 1914 and 1915, and during January and February, 1916, but for these years paid only $95; no promissory notes having been executed for any of the years 1912, 1913, 1914, 1915, or 1916. The property was surrendered at the end of February, 1916, or about March 1, 1916.

During the year 1916 complainants borrowed of Ben Thompson, the principal stockholder of the defendant corporation, $600, but he exacted as a condition of granting the loan that they should pay all arrearages of rent due the corporation, and to make sure that this condition should be faithfully observed,

he placed the whole sum in the hands of an officer of the corporation, with instructions that the balance due the corporation should first be deducted before handing over the residue of the money to complainants. It was ascertained that a balance of $250 was due for the year 1915. This was deducted and the rest of the loan turned over to complainants.

Some months later defendant produced three notes made for the rent of 1911, maturing respectively October 30, 1911, November 30th, and December 30th of that year, and demanded payment. Complainants refused payment, insisting that these notes had been paid in 1911 to the First National Bank of Paris, Tenn., where all of the notes of that year and the previous year had been deposited for collection. Defendant disputed this contention, and brought suit before a justice of the peace of Henry county on the notes. The present bill was then filed by complainants to enjoin that suit on the ground that the notes had been already paid. The contention was also advanced in the bill that the action could not be maintained because all of the notes taken for the years 1910 and 1911, and the various sums agreed to be paid as monthly rent for the remaining years 1913 to March, 1916, grew out of one continuous transaction; that certain rental sums due for certain months in the year 1915, aside from the $250 already mentioned, matured, and were sued on, and judgment rendered, without including the prior three notes of 1911 involved here. The evidence fully sustains the

allegation as to the suit on the rents of 1915 just referred to. An answer was duly filed.

The chancellor and the court of civil appeals both denied relief.

We shall consider here only the questions of law.

In the first place, it is not true, as matter of law, in our judgment, that all of the years constituted one continuous contract, or transaction, as in case of an ordinary demise from year to year where the tenant is said to have a growing interest in the ensuing year. This does not apply where the so-called tenancy from year to year results from a mere holding over. 16 R. C. L., p. 615, section 94. Under the facts stated we think each renewal was a new contract, but carrying by implication the same terms as those of the preceding year, except in so far as specially modified *Shepherd & Mitchell* v. *Cummings,* 1 Cold. [41 Tenn.], 354, 356; *Noel* v. *McClorey,* 7 Cold. [48 Tenn.], 623, 627; *Hammond* v. *Dean,* 8 Baxt. [67 Tenn.], 193; *Wilson* v. *Alexander,* 115 Tenn., 125, 131, 88 S. W., 935), though called, perhaps somewhat inexactly, at the common law, and in the cases cited, a tenancy from year to year. It does, however, possess one of the chief attributes of such a tenancy, in the requisite of notice to terminate it. But, as stated, it is not the same contract as the original letting. But, even if treated as one continuous contract the rule referred to, against splitting causes of action, would not apply, since each note would constitute a separate cause of action. The rule was designed

for the debtor's benefit, to protect him from a multiplicity of suits, and for that reason may be waived by him. When he executes promissory notes he must know they can be sold by the payee to different persons, or may be in like manner used as collateral security for loans, or may be otherwise disposed of, and all may so reach separate hands, and thus may naturally be the occasion of as many separate suits as there are notes. Knowing this result as probable, or even lawfully possible, he must be held to have intended such a consequence, and hence to have waived any protection of the rule against splitting causes of action; or rather it must be true that papers capable of such use have, respectively, such a separate and independent existence that the rule was never intended to be applied to them. That it does not apply to such instruments fully appears from a recent able work. 1 Corpus Juris., title Actions, p. 1115, section 295. And see 1 R. C. L., title Actions, section 24, note 13, citing *Dulaney* v. *Payne*, 101 Ill., 325, 40 Am. Rep., 205, and section 30, note 8, citing *Kennedy* v. *New York*, 196 N. Y., 19, 89 N. E., 360, 25 L. R. A. (N. S.), 847. The authority first cited refers to sundry cases as sustaining the proposition that different notes, although between the same parties, give rise to different causes of action, upon which separate suits may be maintained, although the notes arose out of the same transaction (*Williams* v. *Kitchen*, 40 Mo. App., 604, and *Nathans* v. *Hope*, 77 N. Y., 420), notwithstanding they were all due at the

time of the first action (*Presstman* v. *Beech,* 61 Md., 203; *Paton* v. *Doyne,* 74 N. J. Law, 319, 65 Atl. 819; *Nathans* v. *Hope,* supra; *Ferguson* v. *Culton,* 8· Tex., 283). To same effect, *Marshall* v. *John Grosse Clothing Co.,* 83 Ill. App., 338; Id., 184 Ill., 421, 56 N. E., 807, 75 Am. St. Rep., 181.

Other instances, based on the same principle, may be cited as follows: Where plaintiff had agreed to sell defendant a lot of cattle, deliverable in units of twenty or more at intervals between February 1st and July 31st, and tendered to defendant the first twenty, which he refused, it was held plaintiff might sue for this breach, without waiting to tender the residue of the lot sold. *Coleman* v. *Hudson,* 2 Sneed (34 Tenn.), 463. Where the plaintiff had sold the defendant a quantity of goods on the agreement that the sum due for them might be divided into four parts payable at different times, it was held that separate suits might be brought on the several parts as they fell due, or one suit on all, when all fell due, or separate suits at that time on each at the option of the plaintiff. *Parris* v. *Hightower,* 76 Ga. 631. A debtor and creditor may for a consideration agree that part of a single demand may be sued on at one time, and the residue later, the debtor thus waiving the rule against splitting a single cause of action. *Mills* v. *Garrison,* *42 N. Y. (3 Keyes), 40. So a debtor and creditor may by agreement between them change one large debt due by note into several smaller ones (*Dews* v. *Eastham,* 13 Tenn. [5 Yerg.],

297) ; but in such case, where several suits based on such demands between the same parties appear on the docket at the same time, the court will order a consolidation (Id. ). However, as to contracts for personal services, see *Tarbox* v. *Hartenstein,* 4 Baxt, (63 Tenn:), 78.

There is a line of cases cited by counsel to the effect that where one party holds a series of promissory notes, arising out of the same transaction, and all are subject to the same defense or defenses, as want or failure of consideration, or illegality, a judgment in an action brought on one of them, in which the defense was either sustained or defeated, as the case may be, is conclusive, between the same parties, as to all of the other notes. But these cases rest on the doctrine of *res judicata,* and not on the rule against splitting the cause of action.

We understand the rule to be general that where the contract is entire, and there are several breaches of it, even though each may be sued upon as it occurs, as under our Code (Thompson-Shannon, section 4620; *Barnes Bros.* v. *Coal Co.,* 101 Tenn., 354, 360, 47 S. W., 498; yet where several breaches have already occurred at the time a suit is brought they must all be sued on in the same action, otherwise those omitted cannot be subsequently recovered on in another action, since the several breaches, after they have occurred under such a contract, constitute only one cause of action (*Cook* v. *Hadly,* Cooke [3 Tenn.], 465, 466; *Perkins* v. *Hadley,* 4 Hayw. [5

Tenn.], 148, 151, 152; *Carraway* v. *Burton,* 4 Humph.
[23 Tenn.], 108, 113; *Thomason* v. *Rice,* 1 Shan Tenn.
Cas., 69, 73; *Saddler* v. *Apple,* 9 Humph. [28 Tenn.],
342; *Railroad Co.* v. *Matthews,* 115 Tenn., 172, 91
S. W., 194; *Whitaker* v. *Hawley,* 30 Kan., 317, 1
Pac., 508; *Bartels* v. *Schell* [C. C.], 16 Fed., 341;
*Joyce* v. *Moore,* 10 Mo., 272).

But in the case now before us, as already pointed
out, each note constituted a separate cause of action;
therefore the failure to sue on the three notes of
1911 when the arrearages for 1915 were sued on did
not operate as an estoppel on the present action.
However, after a very careful examination of all
of the facts adduced in the record, we are satisfied
that the three notes now in question were fully paid
during the year 1911, and on this ground the decree
of the learned court of civil appeals affirming the
decree of the learned chancellor dismissing the bill
must be reversed, and a decree entered here adjudg-
ing the fact of such payment, and perpetually en-
joining the defendant from prosecuting any action
thereon.

The complainants will recover of defendant all
of the costs of the cause.