## W. A. A. JOHNSTON v. SOUTHERN RAILWAY CO.*

### (*Knoxville.*  September Term, 1927.)

Opinion filed October 22, 1927.

1. **TORT.  Actions.  Former adjudication.**

Plaintiff sued in one case for personal injuries to himself sustained by being struck by a moving engine of the railway while he and his wife were riding in an automobile.  Afterwards plaintiff sued in another case for the loss of his wife's services resulting from injuries sustained by her in the same accident.  The latter case was tried first and in it plaintiff recovered and collected judgment.  Plea of former adjudication was then interposed in the first suit and sustained.  **Held:** There was but one tort and therefore could be but one recovery.  Hence the case was properly dismissed upon the principle.  "Former adjudication is, when pleaded, a plea in bar of the further prosecution of a suit on the ground that the same subject-matter has been already litigated between the same parties, or their privies, and a judgment rendered on the merits of the case."  (Post, p. 641.)

Citing: 9 Enc. Pleading & Practice, p. 611; M. & O. R. R. Co. v. Matthews, 115 Tenn. (7 Cates), 172, and other cases therein referred to: Southern Ry. Co. v. Brigman, 95 Tenn. (11 Pickle), 628; Freeman on Judgments, sec. 241; Carraway v. Burton, 23 Tenn. (4 Hump.), 108; C. N. O. & T. P. Ry. Co. v Roddy, 132 Tenn. (5 Thompson), 568; Smith v. C. N. O. & T. P. Ry. Co., 136 Tenn. (9 Thompson), 282; Secor v. Sturgis, 16 N. Y., 548.

2. **SAME.  Pleading.**

Failure of defendant to plead "former suit pending in the second case did not preclude plea of former adjudication in the first case."  Plaintiff cannot complain because the defendant permitted him to prosecute to final judgment.  (Post, p. 644.)

3. **SAME.  Same.**

Without plea of former adjudication evidence of the former judgment was admissible under the general issue.  (Post, p. 640.)

---

*Single tort as giving only one cause of action, see 15 R. C. L. 968; 5 R. C. L. Supp. 861.

Citing: 9 Ency. Pl. & Pr. 612, 614; Warwick v. Underwood, 40 Tenn. (3 Head.), 238; Renkert v. Elliott, 79 Tenn. (11 Lea), 235; Fowlkes v. State, 82 Tenn. (14 Lea), 14; Turley v. Turley, 85 Tenn. (1 Pickle), 251.

**4. SAME. Actions.**

Only one suit can be maintained on one tort, even though different and distinct rights grow out of the tort; both suit for his injuries and for loss of wife's services must be brought within one year. (Post, p. 640.)

Citing: Blackwell v. Railroad, 124 Tenn. (16 Thomp.), 517.

**5. SAME. Same. Married Woman's Act.**

Married Woman's Act does not preclude husband prosecuting suit for loss of wife's services. (Post, p. 645.)

Citing: Acts 1913, chapter 26; Acts 1919, chapter 126; Citing Chattanooga v. Charter, 132 Tenn. (5 Thomp.), 609.

---

*Headnotes 1. Judgments, 34 C. J., section 1243; 2. Judgments, 34 C. J., section 1162; 3. Judgments, 34 C. J., section 1243; 4. Judgments, 34 C. J., section 1505; 5. Limitation of Actions, 37 C. J., section 112; 6. Husband and Wife, 30 C. J., section 687.

---

## FROM KNOX.

---

Appeal from the Circuit Court of Knox County.—HON. A. C. GRIMM, Judge.

JOHN W. GREEN, for plaintiff in error.

CHAS. H. SMITH, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff and his wife, while riding in an automobile, were struck by a moving engine belonging to defendant.

Plaintiff instituted this suit to recover damages for the injuries received by him.

To the declaration filed a plea of not guilty was interposed.

After said plea was filed plaintiff instituted a second suit for loss of his wife's services resulting from the same accident.

To the declaration defendant likewise filed a plea of not guilty.

The latter case was tried first, and resulted in a judgment in favor of plaintiff for $200, which was paid by defendant.

Thereupon, by leave of the court, the defendant filed a plea of former adjudication in the first suit, in which it was alleged that for the same cause of action plaintiff had recovered a judgment in the second suit which had been paid.

The trial court sustained said plea and dismissed the suit. Plaintiff has brought the case to this court, and insists, by proper assignments, that the trial court was in error in sustaining said plea and dismissing his suit. Here there was but one tort committed and there can be but one recovery.

In Encyclopaedia of Pleading & Practice, vol. 9, p. 611, it is said: "Former adjudication is, when pleaded, a plea in bar of the further prosecution of a suit, on the ground that the same subject-matter has been already litigated between the same parties, or their privies, and a judgment rendered on the merits of the case."

Applying this test to the instant case, it is apparent that the trial court properly sustained the plea and dismissed the suit. The subject-matter, that is, the negligent act that produced the injury, is necessarily the

same in both cases; the parties are the same, and judgment was rendered upon the merits of the case.

In *Mobile & Ohio Railroad Co.* v. *Matthews,* 115 Tenn., 172, plaintiff sued on one count for injuries to himself and in another count for injuries to his horse and buggy. In passing upon the motion to strike the declaration from the file because of duplicity, this court said:

"But in this case there is but one cause of action sued upon. The negligent action of the plaintiff in error constituted but one tort. The injuries to the person and property of the defendant in error were the several results and effects of one wrongful act. A single tort can be the basis of but one action. It is not improper to declare in different counts for damages to the person and property when both result from the same tort, and it is the better practice to do so where there is any difference in the measure of damages, and all the damages sustained must be sued for in one suit. This is necessary to prevent multiplicity of suits, burdensome expense, and delays to plaintiffs, and vexatious litigation against defendants. If necessary to prevent confusion in ascertaining the damages to be recovered for different injuries, separate verdicts may be directed. 2 Chitty's Plead., 850, 860, 910; *Howe* v. *Peckham,* 10 Barb. (N. Y.), 656; *Hemstead* v. *Des Moines,* 63 Iowa, 39, 18 N. W., 676; *Shoemaker* v. *Atkins,* 11 Heisk., 296.; *Smith* v. *Atkins,* 6 Baxt., 318.

"Indeed, if the plaintiff fail to sue for the entire damage done him by the tort, a second action for the damages omitted will be precluded by the judgment in the first suit brought and tried. *Southern Ry. Co.* v. *Bringman,* 95 Tenn., 628, 32 S. W., 762; Freeman on Judgment, sec. 241; *Carraway* v. *Burton,* 4 Hump., 108."

In *C. N. O. & T. P. Ry. Co.* v. *Roddy,* 132 Tenn., 568, the court quoted approvingly from Freeman on Judgments, as follows:

"A single tort can be the foundation for but one claim for damages. . . . All damages which can by any possibility result from a single tort form an indivisible cause of action. Every cause of action in tort consists of two parties, to-wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained."

In *Smith* v. *C. N. O. & T. P. Ry. Co.,* 136 Tenn., 282, Smith sued to recover damages for injuries received as a result of the negligent derailment of a passenger coach in which he and his wife were riding. A plea of former adjudication was interposed in which it was stated that in a former suit in the Federal court Smith had recovered a judgment for loss of his wife's services, resulting from the same negligent act. In sustaining the plea the court quoted approvingly from the foregoing cases, and said:

"We think all of our cases, while not deciding the question presented exactly, furnish a basis from which the necessary corollary is drawn that if the plaintiff suing for damages for injuries resulting from a single tort, does not include in his suit all the injuries sustained, a subsequent suit for those omitted will be barred upon a plea of *res adjudicata* aptly pleaded. This follows naturally from the conclusion that the recovery is for the tort, and not for the injuries. If 'a single tort can be the foundation for but one claim for damages,' it evitably follows that there can be but one suit to recover for injuries, resulting from that tort."

In *Secor* v. *Sturgis,* 16 N. Y., 548, the Court of Appeals said: "The rule is fully established that an entire claim cannot be divided and made the subject of several suits, and, if several suits be brought for different parts of such a claim, the pendency of the first may be plead in abatement of the others, and a judgment in either will be available as a bar to the other suits."

Counsel practically concedes that *Smith* v. *C. N. O. & T. P. Ry. Co., supra,* supports the judgment of the trial court, but insists that this court should modify the holding therein.

We have carefully considered the case, and, in our opinion, it is sound in principle and well supported by authority. No satisfactory reason has been suggested for its modification. The fact that the second suit was tried first in no wise alters the rule. As stated in the foregoing authorities, the object of the plea is to bar the further prosecution of a pending suit, and such is its effect when properly pleaded.

Neither are we able to see that the failure of defendant to file a plea of "former suit pending" in the second case has any connection with or throws any light upon the issue in this case. By not filing such plea defendant simply waived its right to abate that suit. Plaintiff cannot justly complain because the defendant permitted him to prosecute said suit to final judgment.

Furthermore, even in the absence of a plea of "former judgment," the judgment in the suit for the loss of the wife's services could be introduced in evidence, under the general issue, in this case and would bar a recovery. Such is said to be the better rule in Encyclopedia of Pleading & Practice, vol. 9, pp. 612, 614, and is approved by this court in *Warwick* v. *Underwood,* 40 Tenn., 238;

*Renkert* v. *Elliott,* 79 Tenn., 235; *Fowlkes* v. *State,* 82 Tenn., 14, and *Turley* v. *Turley,* 85 Tenn., 251.

It is further contended that different and distinct rights grew out of this tort because the husband must sue for his personal injuries within one year, whereas he would have six years within which to sue for the loss of his wife's services.

Upon principle, this court decided otherwise in *Blackwell* v. *Railroad,* 124 Tenn., 517, where it was held that suit to recover damages for loss of services of a minor daughter must be instituted within one year.

Finally, it is said that the husband is not entitled to the wife's services since the passage of the Married Woman's Emancipation Act. Plaintiff evidently entertained a different view when he instituted and successfully prosecuted the other suit for such services.

So far as this question is concerned there is no difference between Chapter 26, Acts of 1913, and Chapter 126, Acts of 1919. In construing the former act this court, in *City of Chattanooga* v. *Carter,* 132 Tenn., 609, held that it did not preclude the husband from prosecuting a suit for loss of services of his wife.

The foregoing, we think, sufficiently indicates our conclusions upon the issue involved, and makes a more detailed discussion of the questions, which have been so fully and ably presented in briefs of counsel, unnecessary.

Finding no error in the judgment of the trial court it will be affirmed.