GLOBE & RUTGERS FIRE INS. CO. *v.* O. B. CLEVELAND.

(*Knoxville,* September Term, 1930.)

Opinion filed February 7, 1931.

WALTER S. FAULKNER and D. F. Gaston, for plaintiff in error.

WM. GREEN and LOUIS CHAMBERS, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This action was brought in the Circuit Court of Wilson County by Rufus Hunter, for the use and benefit of the Globe & Rutgers Fire Insurance Company. The defendant interposed a plea of former suit pending. Plaintiff's motion to strike this plea was overruled, and when he declined to plead further, the suit was dismissed. From the judgment of dismissal the plaintiff has prosecuted his appeal to this court.

The declaration averred that the defendant negligently damaged an automobile, the property of Hunter, in the sum of $464.45; that Hunter was insured against such damage by the Globe & Rutgers Fire Insurance Company, and, pursuant to the contract of insurance, had been paid said amount by said company; that Hunter had assigned his rights to this action for recovery to the said insurance company; and the said Globe & Rutgers Fire Insurance Company was subrogated to the rights of the said Hunter to recover damages for the injury to the car "to the extent of the injury assumed and settled" by the insurer. The contract of insurance and an assignment executed by Hunter were made exhibits to the declaration. The contract of insurance contains the clause: "This Company may require from the Assured an assignment of all right of recovery against any party for loss or damage

to the extent that payment therefor is made by this Company.'' The assignment is dated November 7, 1929, and recites that Hunter assigns, transfers and ''subrogates'' to the insured ''all the right, claims, interest, choses or things in action, to the extent of Four Hundred Sixty-four and 45/100 Dollars paid me as aforesaid, which I may have against O. B. Cleveland . . .. for the destruction of said property,'' etc.

Defendant's plea avers that on June 21, 1929, Rufus Hunter brought suit against him for personal injuries sustained by him on the same occasion and by the same accident wherein Hunter's automobile was damaged; that said suit was tried on January 17, 1930, with verdict and judgment for the plaintiff in the sum of $900, and on the date the plea was filed, said suit for damages for personal injuries was pending in the Court of Appeals on appeal in the nature of a writ of error.

It appears from the pleadings that Hunter's suit for damages for personal injuries was instituted June 21, 1929; his assignment to the Globe & Rutgers Fire Insurance Company was made November 7, 1929; the action for personal injuries was tried January 17, 1930; and the present action was begun February 19, 1930.

The question now presented for our decision is whether the present action for damage to an automobile, brought in the name of Hunter, for the use of his insurer, under an assignment executed pursuant to a contract of insurance in existence at the date the injuries complained of were sustained, is barred by the pendency of an action instituted by Hunter prior to the date of said assignment, wherein he seeks from the same defendant damages for personal injuries sustained by him as the result of

the same wrongful act which resulted in the damage to his automobile.

The plea would undoubtedly be good against Hunter, if suing in his own right. "A single tort can be the foundation for but one claim for damages. . . . All damages which can by any possibility result from a single tort form an indivisible cause of action. Every cause of action in tort consists of two parts, to wit, the unlawful act, and all damages that can arise from it. For damages alone no action can be permitted." *C. N. O. & T. P. Ry. Co.* v. *Roddy,* 132 Tenn., 568, 574, quoting from Freeman on Judgments; *Johnson* v. *Southern Ry. Co.,* 155 Tenn., 639; *Smith* v. *C. N. O. & T. P. Ry. Co.,* 136 Tenn., 282; *M. & O. Railroad Co.* v. *Matthews,* 115 Tenn.. 172; *Carraway* v. *Burton,* 23 Tenn. (4 Humph.), 108.

The authorities cited commit this court to the view that the personal injuries sustained by Hunter and the injury to his property constituted only separate items of damage, on account of which he was entitled to prosecute a single action against the wrongdoer. If in his suit to recover for his personal injuries he neglected to ask for his property damage, he cannot maintain in his own right a second suit therefor. "And, in this respect, there is no difference between actions founded upon torts, and contracts. In neither class of cases can an entire, indivisible cause of action be split up into separate suits." *Saddler* v. *Apple,* 28 Tenn. (9 Humph.), 342; *Railroad* v. *Matthews, supra.*

Principles controlling the rights of the parties herein have been evolved in cases, in this and other jurisdictions, dealing with contracts of fire insurance. The contract whereby the insurer agreed to insure Hunter "against direct loss or damage" to his automobile, re-

sulting from collision or upset, is a contract of indemnity, to the extent that a contract of fire insurance is so held. When a loss thereunder is occasioned by the fault or wrong of a third person, the wrongdoer is primarily, and the insurer is secondarily, liable to the owner of the property injured. But in such case, the fact that the injured property owner holds the contract of insurance, or that he has been paid thereunder, "does not prevent a recovery in the name of the insured for the damage sustained." *Anderson* v. *Miller*, 96 Tenn., 35, 38, 31 L. R. A., 604, 54 Am. St. Rep., 812, 33 S. W., 615. In that case the court said: "The question of who will be entitled to the proceeds of the recovery, the insurer or the insured, is a matter between them, and constitutes no defense to an action for the damages caused by the wrong which, in any event, must be brought in the name of the owner and insured, although it might be for the use of the insurer." This case was cited and followed in *Illinois C. R. Co.* v. *Hicklin*, 131 Ky., 624, 23 L. R. A. (N. S.), 870, 115 S. W., 752, holding that a judgment in a suit brought by the owner against the wrongdoer is conclusive upon the owner's insurer, whose only right of action thereafter is against the insured.

 Under the terms of the insurance contract exhibited with the declaration, the interest claimed by the insurer in Hunter's right of action against the defendant did not arise or become complete until it paid the loss, and was then limited by the amount paid. Upon payment of the loss, the insurer was entitled to the assignment specified in the policy, and by the assignment it acquired the equitable right to share in any recovery Hunter might obtain against the defendant for the property damage, and to use Hunter's name in a suit at law to re-

cover such damages. But it is elementary that the assignment could not confer upon the insurer any greater right or interest against the defendant than the assignor then possessed, no question of fraud or estoppel being involved. And this is true whether the insurer's rights be treated as arising only from the assignment, or by application of the doctrine of subrogation to the contract of indemnity insurance.

In Corpus Juris, vol. 26, p. 459 (Fire Insurance, sec. 623), the rule is stated: "It is well settled that if the insured settle with or in any way releases the third person from his liability for the loss, before payment thereof by the insurer, the latter's right to acquire subrogation against such person is destroyed, . . ."

And to the same effect is the text in Ruling Case Law, vol. 14, p. 1404 (Insurance, sec. 568), from which we quote: "The insurer is subrogated only to such rights as the insured possessed, and the right of the insurer against the wrongdoer may be defeated by the act of the insured, prior to the loss, or even after the loss, in releasing the wrongdoer from any liability or giving him the benefit of any insurance, or by a recovery of the amount of the loss by the insured, unless, in the case of a release after loss, the wrongdoer settles with the insured with full knowledge of the insurer's right of subrogation."

If rights of the insurer are lost or destroyed by reason of a release executed by the insured to the wrongdoer, or as the result of a suit brought by the insured against the wrongdoer, exhausting the cause of action, it is manifest that the remedy of the insurer is against the insured and not against the third party, unless the latter treats with the insured, with knowledge of the insurer's

equitable rights, in such way as to defraud the insurer or to consent to a splitting of the insured's cause of action. The rule against the splitting of indivisible causes of action is for the benefit of the debtor or wrongdoer, and may be waived by him. *Matheny* v. *Preston Hotel Co.,* 140 Tenn., 41. For authorities dealing with the rights of the insurer against the insured, upon the loss or destruction of the right of assignment or subrogation, see the notes in 36 A. L. R., 1267, supplemented in 55 A. L. R., 926; and Ann. Cas. 1917A, 1298.

At the time the insurer in the case before us paid the loss under its contract of insurance, and obtained the written assignment from the insured, the latter's action against the defendant was pending in the trial court and his declaration was subject to amendment by the addition of a count seeking damages for the injury to the automobile. If the insurer knew of the pendency of the action, it could have protected its interests under the assignment by tendering such an amendment, in the name of the insured and for its benefit. "In an action by the owner against the third person liable, the insurer which has paid the loss to the owner, under the practice in some jurisdictions, may and should intervene for the protection of its rights, and the amount recovered should be adjudged to the owner and insurer according to their respective interests." 26 Corpus Juris, 467 (Insurance, sec. 636). In *Mayfield* v. *Southern Ry.* (*Ex parte Phoenix Ins. Co.*), 86 S. C., 52, 67 S. E., 134, 68 S. E., 21, the Supreme Court of South Carolina said: "From this it follows that, when the insured has instituted an action in his own behalf to recover only the difference between the loss and the insurance paid, the insurer should assert its claim to subrogation by a motion to be made a party

and to require the complaint amended so as to set out the facts upon which it claims the equity of subrogation."

If the insurer was ignorant of the pendency of the owner's suit until after verdict therein, so that its right to intervene was lost, it could not have acquired thereby a right of action, legal or equitable, against the defendant, for the latter did nothing but respond to the owner's suit which the owner had the legal right to prosecute, and could not defend on the ground that the insurer was not joined. *Anderson* v. *Miller, supra.* The pleadings disclose no act or omission on the defendant's part which can subject him to a second suit on the same right of action, whether brought by the original plaintiff, or by one who has acquired his interest by assignment or by subrogation.

The case of *Underwood* v. *Dooley,* 197 N. C., 100, 64 A. L. R., 656, 147 S. E., 686, does not support the contention of the plaintiffs herein. The material facts of that case were that the insurer first brought suit, in its own name and right, against the defendant to recover the sum it had paid to its insured for the damage to his automobile. Subsequently the insured brought the reported suit against the wrongdoer for damages for personal injuries. After the institution of the second suit, judgment was rendered and satisfied in the first suit, in favor of the insurer. The pendency of the insurer's suit, and the judgment therein, were held to be no bar to the suit of the insured for his personal injuries, upon two grounds: first, the plaintiff (insurer) in the first suit could not have recovered the damages for personal injuries sustained by the insured; and second, the statute of North Carolina not only authorized the insurer to sue in its own name, to recover of the wrongdoer the sum it had

paid the insured, asserting its right of subrogation, but deprived the insured of the right to sue for the damage for which he had received compensation from his insurer. This was accomplished by the statute of that state, requiring all such suits to be prosecuted by the "real party in interest." See *Cunningham* v. *Seaboard Air Line R. Co.*, 139 N. C., 427, 2 L. R. A. (N. S.), 921, 51 S. E., 1029; *British American Assur. Co.* v. *Colorado, etc., R. Co.*, 52 Colo., 589, 41 L. R. A. (N. S.), 1202, 125 Pac., 508. This statute has the effect of splitting the cause of action arising from the tort of the defendant, but there is no such statute in this State and the decision cannot be followed. The first suit, brought in the name of the insurer alone, could not have been maintained in this jurisdiction, without the aid of a statute as in North Carolina. *Anderson* v. *Miller*, 96 Tenn., 35, 38.

*Underwriters at Lloyd's Ins. Co.* v. *Vicksburg Traction Co.*, 106 Miss., 244, 51 L. R. A. (N. S.), 319, 63 So., 455, is cited and relied upon by plaintiffs, and is the only case brought to our attention tending to support their position. We think this case violates fundamental principles of procedure, firmly established in this jurisdiction, and must therefore decline to follow it. In that case the insured, one O'Neil, was paid the amount of his insurance for the damage to his automobile, and thereafter sued for and recovered damages for his personal injuries. Thereafter the reported case was brought by the insurer, in its own name and right, to recover of the same defendant the amount it had paid under the contract of insurance. The Supreme Court of Mississippi emphasized the fact that the insured, owner of the automobile, had assigned his right to damages for the injury to his automobile before he filed his suit for personal in-

juries, and therefore held that: "When the suit (for personal injuries) was entered by him, he had no cause of action against the company for damages to the automobile." The Mississippi Court then held that the insurer's "equitable interest in the automobile," arising from the contract of insurance, became a right to sue at law, when it paid to the owner the amount of the policy and took from him an assignment of his claim, pursuant to its right of subrogation. The court concluded: "There were then two distinct causes of action, two separate rights to recover, in two different persons." Upon this premise it was held that the owner's suit for personal injuries was not a bar to a subsequent suit by the owner's insurer for property damage, caused by the same accident.

In the case at bar, the owner's suit was brought before the insurance was paid and the assignment executed, and therefore one of the major elements of the premise of the Mississippi Court's conclusion is absent. That court held, as an essential condition to its conclusion, that the owner of the damaged property, having received the proceeds of his insurance, had no further right to sue the wrongdoer for the damage to the insured property. The contrary was ruled by this court in *Anderson* v. *Miller, supra,* and by the Court of Appeals of Kentucky in *Illinois C. R. Co.* v. *Hicklin, supra.*

In Freeman on Judgments (5 Ed.), section 613, page 1288, the decision in the case from Mississippi is stated, and criticised with this observation: "But such a conclusion seems inconsistent with the established rule that, so far as the debtor is concerned, a partial assignment of the claim or cause of action against him is not valid, in law at least." This criticism is obviously well made.

*Cook* v. *Hadly,* 3 Tenn. (Cooke), 464; *Gardner* v. *Smith,* 52 Tenn. (5 Heisk.), 253, 261; *Matheny* v. *Preston Hotel Co.,* 140 Tenn., 41.

We find no support for the proposition that the contract of insurance vests the insurer with an equitable interest in the property insured, giving rise to a legal right of action in the insurer against a person wrongfully injuring such property, upon payment of the loss to the insured. Plaintiffs recognized the contrary rule, stated in *Anderson* v. *Miller, supra,* when they brought the present action in the name of the insured, for the benefit of the insurer.

We conclude that the negligent act of the defendant gave rise to a single indivisible right of action for damages in behalf of Hunter, as the party injured in person and property; that the action first brought by Hunter was one in which all items of his damage might have been pleaded as the basis of his recovery, and during its pendency a second action by Hunter for an item of his damage is subject to abatement; that Hunter's insurer by subrogation or assignment obtained only an equitable right in a portion of Hunter's right of action against the defendant, which can only be enforced at law by action in the name of Hunter; and that, in the absence of averments of fraud on the part of the defendant or of any conduct on his part amounting to consent to the splitting of Hunter's right of action against him, the present suit in the name of Hunter, for the use of his insurer, is subject to the same defenses as if brought by Hunter for his own use.

The judgment of the circuit court sustaining defendant's plea in abatement is accordingly affirmed.