STAPP *v.* ANDREWS.

*(Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

Roberts, Roberts & McCall, of Nashville, for plaintiff in error.

S. L. Felts, of Nashville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Stapp sued Andrews before a justice of the peace to recover $477 for the rent of a steam shovel, and was awarded a judgment for that sum. Upon appeal, the circuit judge, at the close of the testimony, permitted defendant, over objection of counsel, to interpose a plea of *res adjudicata,* which he sustained and dismissed the suit.

In the Court of Appeals the judgment of the trial court was affirmed. Each party filed a petition for writ of *certiorari* in this court, which was granted, and the case has been argued by counsel.

Simultaneously with the institution of this suit, plaintiff began another suit against defendant before the same magistrate to recover $30.50, freight on said steam shovel, and $50, alleged balance due on a former rental of said steam shovel. By consent of the parties both cases were heard together upon their merits. In the latter case judgment was entered in favor of plaintiff for $39.50, balance due under the first rental contract. No judgment was entered for freight, and there is conflict in the testimony as to whether or not the claim for freight was withdrawn before the case was decided. The defendant paid the judgment of $39.50, but appealed the judgment for $477.

The suit to recover rent of $477 and the freight of $30.50 arose out of the same contract, and plaintiff, by instituting separate suits, split his cause of action. Where two actions are brought simultaneously in the same court upon a single cause of action each may be

pleaded in abatement of the other. 1 Corpus Juris Secundum, Abatement and Revival, p., 60.

■■ The rule against splitting a cause of action is for the benefit of the defendant to protect him against multiplicity of suits, and may be waived by him; and such waiver will be presumed unless timely and proper objection is made. 1 *Corpus Juris Secundum,* Actions p., 1212; *Globe & Rutgers Fire Ins. Co.* v. *Cleveland,* 162 Tenn., 83, 34 S. W. (2d), 1059; *Matheny* v. *Preston Hotel Co.,* 140 Tenn., 41, 203 S. W., 327; *Dews* v. *Eastham,* 13 Tenn. (5 Yerg.), 297.

■■ A list of cases illustrating such waiver will be found in the note to the Corpus Juris Secundum text referred to above, and in the annotation to *Georgia Ry. & Power Co.* v. *Endsley,* 167 Ga., 439, 145 S. E., 851, 62 A. L. R., 256. The principle deduced from these decisions is that where the cause of action is split and the defendant submits to a trial upon the merits in the several cases, he will be deemed to have waived the rule against splitting a cause of action. We have been cited to no authority taking a contrary position. In this case, instead of invoking the rule, as it was his privilege to do, the defendant acquiesced in the hearing of both cases at the same time upon the merits. We can conceive of no more effective manner of waiving the rule.

In *Georgia Ry. & Power Co.* v. *Endsley, supra,* and the annotation following the opinion referred to above, it will be noted that in numerous jurisdictions it is held that where an account has been split into several parcels and simultaneous suits instituted on each against the defendant, with his knowledge, by failing to object to either of the actions on the ground ''of another action pending'' until after the plaintiff recovers judgment in

one of the suits, he will be presumed to have consented to the splitting of the cause of action and precluded from pleading the judgment so obtained in bar of the other suits.

■ ■ We find it unnecessary in this case to extend the waiver doctrine as far as the courts have done in the decisions referred to above. But from the modern decisions it appears that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having his claim adjudicated upon its merits. Where a defendant has the opportunity to object to the splitting of the cause of action and does not do so, he should be held to have waived same.

Counsel for defendant in support of his contention cites our cases of *Johnston* v. *Southern Ry. Co.*, 155 Tenn., 639, 299 S. W., 785, 55 A. L. R., 932, and *Smith* v. *C., N. O. & T. P. Ry. Co.*, 136 Tenn., 282, 189 S. W., 367, L. R. A., 1917C, 543. In neither of those cases was the question of waiver involved. The first case is reported in 55 A. L. R., 932, and in the annotation following the opinion it is stated that the decision is out of line with the current of authority.

■ In overruling the motion for a new trial, the trial judge filed a written opinion which was made a part of the record, from which we quote as follows:

"After full consideration of this motion I am still constrained to hold that the plaintiff having split his cause of action cannot maintain this suit. We cannot escape the conclusion that both suits grew out of the same transaction, to-wit, the renting of the road machine. Upon the facts I am of the opinion that the plaintiff has doubtless carried the burden of proof successfully, and,

aside from the legal difficulty involved in bringing two separate suits, would be entitled to recover the amount sued for."

The judgment as entered is as follows:

"This cause came on to be heard before the Hon. A. B. Neil, Judge, etc., sitting without the intervention of a jury, upon the evidence, argument of counsel and upon due consideration thereof, the court finds the matters in controversy in favor of the defendant;

"It is therefore ordered and adjudged by the Court that the plaintiff's suit be, and the same is hereby dismissed and that the defendant, Jess Andrews, have and recover of the plaintiff, A. J. Stapp, all the costs of this case, for which execution may issue."

With regard to the foregoing statement in the opinion of the trial judge, the Court of Appeals in its opinion says:

"The defendant did not file a motion for a new trial and appeal in error or assign errors as to the finding of the trial judge on the facts; and therefore the judgment is final on the question of his liability on the merits. *City of Nashville* v. *Mason*, 11 Tenn. App., 344. Hence, if the other questions were out of the way, the judgment would have to be reversed and judgment rendered in this court for the plaintiff. *Merriman* v. *Coca Cola Bottling Co.*, 17 Tenn. App., 433 [68 S. W. (2d), 149]."

This was error. No judgment was entered against defendant, and hence there was nothing from which he could appeal. Neither was there any request for a written finding of facts.

In *Weinstein* v. *Barrasso*, 139 Tenn., 593, 595, 202 S. W., 920, 921, L. R. A., 1918D, 1174, it is said:

"There was a written opinion or finding of facts filed

by the trial judge. There was, however, no request for such a finding by either party below. Under our cases, therefore, this finding of facts is no part of the record, and the judgment rendered must be treated as a general verdict under a correct charge and affirmed, if it may be rested on any theory, supported by material evidence. *Brooks* v. *Paper Co.,* 94 Tenn., 701, 31 S. W., 160; *Stephens* v. *Mason,* 99 Tenn., 512, 42 S. W., 143.''

The excerpt from the opinion of the trial judge quoted above furnishes no basis for entering a judgment in this court in favor of plaintiff, such as is sometimes done on an approved verdict of the jury, where the trial court erroneously grants a motion for a new trial upon a mistake of law.

█ We are of the opinion, however, that the court can look to the opinion for the purpose of ascertaining the ground upon which the suit was dismissed, where the opinion and the judgment of dismissal are not in conflict. This practice in principle has been approved in *Telephone & Telegraph Co.* v. *Smithwick,* 112 Tenn., 463, 79 S. W., 803, in which it was held that such an opinion could be looked to for the purpose of determining what issues were passed upon by the trial court. The judgment in this case does not state the ground upon which the suit was dismissed, but the opinion states the ground, which was not upon the merits. In this unquestioned situation it would be absurd to hold that the trial court found in favor of the defendant upon the merits.

Our conclusions are that the judgments of the Court of Appeals and the circuit court be reversed and the case remanded to the circuit court for a hearing upon the merits.

The costs of the appeal will be taxed against the defendant. Other costs will be adjudged upon the final hearing of the case.